# JOHN R. FRANCIS

*v.*

## GEORGE E. SHRADER.

1. BAILMENT—*degree of care required.*  In the case of a loan without any compensation to the owner, the borrower will be under obligation to take extraordinary care of the thing loaned to him; but where the owner of a mare delivers her to another to be broken to service, the latter will be bound only to ordinary care.

2. SAME—*instruction misleading as to compensation.*  Where the plaintiff let the defendant have his mare to be broken to work, and she was killed by running away, the court, on the trial of an action to recover the value of the mare, instructed ·the jury that the defendant was under obligation to take extraordinary care of the mare if she was loaned by the plaintiff to the defendant without compensation: *Held*, that, although the instruction stated the law correctly, it was calculated to mislead the jury, as they probably understood the word "compensation" as a money compensation.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action on the case, by George E. Shrader against John R. Francis, to recover the value of a mare which the defendant had taken from the plaintiff to break for him for her use. While she was being broken, she and the defendant's team ran away, and she was killed. A trial was had, resulting in a verdict and judgment against the defendant for $100, from which he appealed.

Messrs. TROGDON, McKINDLAY & BISHOP, for the appellant.

Mr. JAMES A. EADS, for the appellee.

Per CURIAM : We are not satisfied with this verdict on the evidence, and think the jury must have been misled by the first instruction for the plaintiff. They are told the defendant was under obligation to take extraordinary care of the mare if she was loaned by the plaintiff to the defendant without compensation. This is true as a legal proposition, but the objection is, that the mare was not loaned without compensation, even upon the plaintiff's own testimony. The mare was delivered to the defendant to be broken to service, and he was only bound to ordinary care. The jury probably understood the word "compensation," used in the instruction, as a money compensation. Although the instruction for defendant stated the law correctly, we think the jury was misled by the first given for plaintiff.

*Judgment reversed.*